|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| BUILDING SERVICE PENSION TRUST, SERVICE EMPLOYEES HEALTH AND WELFARE TRUST, SERGIO SALINAS, and CHARLES JONES,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCE BUILDING SERVICES LLC, J&P JANITORIAL SERVICES LLC, and MELVIN FISHER,<br><br>Defendants. | CASE NO. C24-101 JNW<br><br>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on Defendant J&P Janitorial Services LLC's Motion for Judgment on the Pleadings. (Dkt. No. 25.) Having reviewed the Motion, Plaintiffs' Opposition (Dkt. No. 27), the Reply (Dkt. No. 29), Plaintiffs' Surreply (Dkt. No. 31), and all supporting materials, the Court DENIES the Motion.

## BACKGROUND

Plaintiffs Building Service Pension Trust (BSPT), Service Employees Health and Welfare Trust (SEHW), Sergio Salinas, and Charles Jones (together "Plaintiffs") bring claims against Defendants Alliance Building Services, J&P Janitorial Services LLC, and Melvin Fisher for breach of contract and failure to make employee benefit plan contributions. (Complaint (Dkt. No. 1).) Plaintiffs bring claims under § 502 of the Employee Retirement Income Security Act of 1974 (ERISA) and § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a). (Id.) Defendant J&P Janitorial Services seeks dismissal of the claims against it on the theory that it is not a signatory to the collective bargaining agreements and cannot be bound under an alter ego theory of liability. The Court reviews the allegations relevant to J&P's pending Motion.

Plaintiffs allege Alliance is a signatory to a series of collective bargaining agreements with Service Employees International Union, Local 6 (Union), a labor organization within the meaning of LMRA § 301, 29 U.S.C. § 185. (Compl. ¶ 11.) "Pursuant to the terms of those agreements between Alliance and the Union (collectively, 'Labor Agreements'), Alliance agreed to promptly pay to the Trusts the hourly amounts required thereunder for all employees in the bargaining unit employed by Alliance who performed any covered work." (Id.) "Alliance also agreed, pursuant to the Labor Agreements, not to subcontract work covered by the Labor Agreements except in specified circumstances." (Id.) And "[b]y executing the Labor Agreements and signing participation agreements, Alliance agreed that it would be subject to and bound by all of the terms, provisions, conditions and rules contained in the Trust Agreements as established by the Board of Trustees for BSPT and SEHW." (Id.)

J&P is not alleged to be a signatory to the Labor Agreements. Instead, Plaintiffs allege Alliance and J&P share an "alter ego" relationship that causes J&P to be bound by the Labor

Agreement. (See Compl. ¶ 20.) In support of this alter ego liability theory, Plaintiffs include a variety of factual allegations. First, Plaintiffs allege that Alliance and J&P "engaged in a scheme designed to allow Alliance to avoid the obligations of its union Labor Agreements by having individuals nominally work for J&P Janitorial but wear Alliance uniforms and work under the direction and control of Alliance supervisors, while providing commercial janitorial services at locations for which Alliance alone was contractually obligated to provide such services." (Id. ¶ 14.) Plaintiffs allege the two entities created an "integrated, deceptive system" that constitutes "joint labor relations management," which can be seen in:

> (a) Joint management, scheduling, and supervision of J&P Janitorial employees assigned to work at locations cleaned by Alliance;
>
> (b) Joint efforts to suppress and conceal the combined operations of Alliance and J&P Janitorial, including threats and retaliation directed at employees who raised questions regarding their status or rights as union employees;
>
> (c) Shared use of equipment and supplies; and
>
> (d) Common worksites, where Alliance and J&P Janitorial employees have worked side-by-side wearing identical uniforms and are dispatched to work by Alliance and J&P Janitorial acting in concert.

(Id. ¶ 14.) Second, "[o]n information and belief, Alliance subcontracted with J&P Janitorial to engage the services of the workers nominally employed by J&P Janitorial for work on its behalf at locations in King County covered by the Labor Agreements." (Id. ¶ 16.) Third, Plaintiffs allege "Alliance, J&P Janitorial, and Mr. Fisher have engaged in their combined operations for the purpose of avoiding Alliance's collectively-bargained obligations to the employees, the Trusts, and the Union." (Id. ¶ 19.) Plaintiffs claim that "[a]ll entities and individuals involved in the matters described herein were fully aware of, and acted in flagrant and direct opposition to, the rights of employees providing janitorial services at these locations to receive union wages, pension benefits, health benefits, and other workplace rights and protections." (Id.) In its

Answer, J&P admits that its employees wore Alliance uniforms and sometimes shared equipment and supplies. (J&P Answer ¶ 14 (Dkt. No. 16).)

Invoking ERISA, Plaintiffs pursue breach of contract claims the against all Defendants and a claim against Alliance alone for improper subcontracting. (Compl. ¶¶ 23-33.) Plaintiffs also demand an audit of Defendants, unpaid fringe benefit contributions, liquidated damages, attorneys' fees, and costs, and various permanent injunctive relief. (Id. ¶¶ 34-37 & Prayer for Relief.)

## ANALYSIS

**A.    Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Milne ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir. 2005) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).

**B.    Alter Ego Allegations Adequate**

The Court finds J&P's Motion fails to identify any flaw in the alter ego liability allegations.

Although typically only signatories to a labor agreement are bound by its obligations, the Ninth Circuit has endorsed an "alter ego" theory where non-signatories are bound to a labor agreement. See Brick Masons Pension Tr. v. Indus. Fence & Supply, Inc., 839 F.2d 1333, 1335 (9th Cir. 1988). "The criteria for determining whether two firms constitute a single employer are (1) common ownership, (2) common management, (3) interrelation of operations, and (4)

centralized control of labor relations." UA Loc. 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc., 48 F.3d 1465, 1471 (9th Cir. 1994). "No one factor is controlling nor need all criteria be present." Id. In addition to these four factors, the plaintiff must also "prove that [the defendant entity] was being used in a sham effort to avoid collective bargaining obligations, rather than for the pursuit of legitimate business objectives untainted by union animus." Id. at 1470 (citation and quotation omitted).

  J&P's Motion suffers from a procedural flaw because it waited until the Reply to present arguments relevant to the applicable legal standard addressed above. It is generally improper to introduce new arguments in a reply brief, and the Court may strike such arguments. See Thompson v. Commr, 631 F.2d 642, 649 (9th Cir. 1980); see also Local Civil Rule 7(g). Although J&P's Motion makes passing reference to the "alter ego" test, it provides no argument as to why Plaintiffs' claims do not satisfy the five elements of the test set out in Nor-Cal. (Mot. at 6-7.) Instead, J&P's Motion argued that the only way Plaintiffs can show J&P is an alter ego of Alliance is to show the "ownership of a successor business changes hands, but the new company is a 'disguised continuance' of the old." (Mot. at 7.) But the Ninth Circuit has expressly concluded that "[a]lthough the 'alter ego' theory is commonly applied in successorship situations, it is not limited to this context." Nor-Cal, 48 F.3d at 1473. Thus, J&P is incorrect that successorship is a requirement of the claim. It was not until the Reply that J&P presented argument as to why the Complaint fails to satisfy the five elements of the alter ego theory of liability as set out in Nor-Cal. This was not fair, as Plaintiffs were not on notice of J&P's theory to formulate a response. For this reason, the Court STRIKES the Reply's arguments that Plaintiffs failed to satisfy the elements of the alter ego test as set out in Nor-Cal. Without the

arguments raised improperly in the Reply, J&P's Motion does not advance any valid attack to the Complaint's alter ego allegations. On this basis, the Court DENIES the Motion.

Even if the Court considers J&P's untimely argument made in the Reply, it finds that Plaintiffs' alter ego allegations are adequate to survive dismissal. While there are no allegations of common ownership, there are substantial allegations as to the other factors. Plaintiffs allege: (1) common management as seen through "[j]oint management, scheduling, and supervision of J&P Janitorial employees assigned to work at locations cleaned by Alliance" (Compl. ¶ 14(a)); (2) interrelation of operations as seen by "[s]hared use equipment and supplies" as well as common worksites where J&P employees work side-by-side with Alliance employees in identical uniforms (id. ¶ 14(c)-(d)); and (3) centralized control of labor relations through "[j]oint efforts to suppress and conceal the combined operations of Alliance and J&P Janitorial, including threats and retaliation directed at employees who raised questions regarding their status or rights as union employees" (id. ¶ 14(b)). And, Plaintiffs alleges that J&P and Alliance have worked in concert to avoid collective bargaining obligations. (Id. ¶ 19.) Given that not all criteria need to be alleged, the Court finds the allegations that strongly satisfy the other elements sufficient to allege alter ego liability. See Nor-Cal, 48 F.3d at 1470. This is an independent reason on which the Court DENIES the Motion.

**C.     No Jurisdictional Flaw**

J&P incorrectly argues that Plaintiffs' claims against J&P must be brought before the National Labor Relations Board because it has primary jurisdiction over the claim.

J&P argues that although district courts have jurisdiction to interpret the terms of a labor agreement, the NLRB has primary jurisdiction when any such contractual interpretation "'depends entirely on the resolution of the question of whom the union represents.'" (J&P Mot.

at 4 (quoting United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. v. Valley Engineers, 975 F.2d 611, 614 (9th Cir. 1992)).) J&P believes that Plaintiffs are pursuing a "single employer" theory of liability and that "the NLRB specifically must determine that the entities are a single employer and supplement that finding with a unit clarification (the process of adding or removing members from a bargaining unit)." (Mot. at 4 (citing Valley Engineers, 975 F.2d at 614).)

There are two flaws with J&P's argument. First, Plaintiffs are explicitly not pursuing a single employer claim against J&P and Alliance. Instead, they pursue an alter ego claim. This undermines J&P's entire argument. Second, because Plaintiffs pursue liability under the alter ego theory, the Court has jurisdiction over the claim and there is no need to have the NLRB make a unit determination. "It is the settled law of" the Ninth Circuit that once Plaintiffs satisfy the two elements of their alter ego claim, "the district court could hold that the [relevant] bargaining agreement covered [the alter ego defendant] without first getting a unit determination from the NLRB." Nor-Cal, 48 F.3d at 1470. Indeed, in their reply, J&P seemingly concedes the point, citing affirmatively to Plaintiffs' opposition on this point. (See Reply at 3 n.2.)

The Court rejects this jurisdictional argument.

## CONCLUSION

The Court finds that it has jurisdiction over the claims against J&P and that the alter ego liability allegations are sufficiently made to survive dismissal. J&P's Motion fails to identify any flaw in the Complaint, and the improper arguments raised for the first time in the Reply do not save the Motion. The Court accordingly STRIKES the Reply and DENIES the Motion because the alter ego liability allegations are sufficiently set forth in the Complaint.

\\

The clerk is ordered to provide copies of this order to all counsel.

Dated April 21, 2025.

Marsha J. Pechman
United States Senior District Judge